08 CV 6803

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

PEARSON EDUCATION, INC. AND            :
JOHN WILEY & SONS, INC.,
                                       :
            Plaintiffs,                :

      -against-                        :       08 Civ.

JOHN DOE D/B/A SHARP BOOKS             :
AND JOHN DOES NOS. 1-5,                :

            Defendants.                :

- - - - - - - - - - - - - - - - - -x



COMPLAINT

Plaintiffs Pearson Education, Inc. ("Pearson") and John Wiley & Sons, Inc. ("Wiley"), by their undersigned attorneys, for their complaint against defendants John Doe d/b/a Sharp Books and John Does Nos. 1-5, aver:

Nature of the Action

1.  Plaintiffs are bringing this action to obtain legal and equitable relief to remedy defendants' infringement of plaintiffs' copyrights and trademarks through their sales of electronic copies of instructors' solutions manuals.

Jurisdiction and Venue

2.  This Court has subject matter jurisdiction over the first three claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because they arise under the Copyright Act, 17 U.S.C. § 101 et seq. or the Lanham Act, 15 U.S.C. § 1051 et seq.

This Court has subject matter jurisdiction over the fourth claim in this action pursuant to 28 U.S.C. § 1367 because it is so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy within the meaning of Article III of the United States Constitution.

3. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391.

### Parties

4. Pearson is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at One Lake Street, Upper Saddle River, New Jersey 07458.

5. Wiley is a corporation organized and existing under the laws of the State of New York with its principal place of business at 111 River Street, Hoboken, New Jersey 07030.

6. Upon information and belief, defendant John Doe d/b/a Sharp Books is a natural person whose identity is currently unknown to plaintiffs.

7. Upon information and belief, defendants John Does Nos. 1-5 are natural persons whose identities are presently unknown to plaintiffs.

### The Business of Plaintiffs

8. Each plaintiff publishes a variety of works, including educational books.

9. As a standard practice, each plaintiff requires its authors to assign the copyrights to them or grant them the exclusive rights of reproduction and distribution in the United States. This practice enables each plaintiff to maximize the dissemination of each work.

10. Plaintiffs invest significant monies to publish their copyrighted works. Plaintiffs, for example, make substantial investments in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

11. Plaintiffs earn a substantial portion of their revenue from the publication of their copyrighted works and would suffer serious financial injury if their copyrights were not enforced. A substantial decline in their income could cause plaintiffs to cease publishing one or more deserving books or journals. This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

12. An important part of plaintiffs' business is derived from publishing college textbooks. College professors select textbooks from competing publishers based on the pedagogical value and the quality of supplementary materials.

13. Instructors' solutions manuals are important supplementary materials. Professors use instructors' solutions manuals to aid in grading homework. Students, however, use

instructors' solutions manuals to cheat. Professors are less likely to select a textbook if the instructors' solutions manuals are freely and/or widely available. Accordingly, plaintiffs do not sell their instructors' solutions manuals, and tightly control their distribution to known faculty.

### Plaintiffs' Copyrights and Trademarks

14. Plaintiffs routinely register their copyrights. Pearson has generally registered its copyrights in its works, including those identified on Schedule A (the "Pearson Copyrights"). Wiley has generally registered its copyrights in its works, including those identified on Schedule B (the "Wiley Copyrights").

15. Plaintiffs also own, themselves or through their parent or affiliate companies, trademarks that they use to differentiate their products from those of their competitors.

16. Pearson PLC, Pearson's ultimate parent company, is the owner of and Pearson is an exclusive licensee of, with the accompanying right and duty to protect and enforce Pearson's rights therein, the well-known trademarks "Pearson," "Pearson Education" and "Prentice Hall." Pearson is the direct holder of the well-known trademark "Benjamin Cummings." Pearson's affiliate corporation Addison Wesley Longman, Inc., is the owner of, and Pearson is the exclusive licensee of, with the accompanying right and duty to protect and enforce its and its affiliate company's

rights therein, the well known trademarks "Addison Wesley" or "Addison-Wesley" (the "Pearson Trademarks"). The United States Registrations for the Pearson Trademarks are identified on Schedule C.

17. Among Wiley's well-known trademarks are "John Wiley & Sons," "Wiley," and the "John Wiley Colophon" (the "Wiley Trademarks"). The United States Registrations for the Wiley Trademarks are identified on Schedule D.

### The Infringing Acts of Defendants

18. Defendants have without permission reproduced and sold copies of plaintiffs' works, including, upon information and belief, works containing the Pearson or Wiley Trademarks. Specifically, defendants have reproduced and sold electronic copies of Wiley's instructors' solutions manuals through online sales at sites including, but not limited to, "Abebooks.com" using usernames including, but not limited to, "Sharp Books".

### FIRST CLAIM FOR RELIEF

(Copyright Infringement - 17 U.S.C. § 501)

19. Plaintiffs repeat the averments contained in paragraphs 1 through 18 as if set forth in full.

20. Pearson has received United States Certificates of Copyright Registration for the Pearson Copyrights.

21. Wiley has received the United States Certificates of Copyright Registration for the Wiley Copyrights.

5

22. The Pearson and Wiley Copyrights are valid and enforceable.

23. Defendants have infringed the Pearson and Wiley Copyrights in violation of 17 U.S.C. § 501.

24. Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage plaintiffs. Plaintiffs have no adequate remedy at law for these wrongs and injuries. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from infringing the Pearson and Wiley Copyrights.

25. Defendants have willfully infringed the Pearson and Wiley Copyrights.

26. Plaintiffs are entitled to recover all damages sustained as a result of defendants' unlawful conduct including (1) defendants' profits, or (2) plaintiffs' damages, or alternatively (3) statutory damages.

SECOND CLAIM FOR RELIEF
(Trademark Infringement - 15 U.S.C. § 1114(a))

27. Plaintiffs repeat the averments contained in paragraphs 1 through 26 above as if set forth in full.

28. Pearson is the exclusive licensee of the Pearson Trademarks, with the accompanying right and duty to protect and

enforce Pearson's rights therein. Pearson's licensor parent and affiliate companies have obtained numerous United States Trademark Registrations for the Pearson Trademarks.

29. Wiley owns the Wiley Trademarks, for which it has obtained numerous United States Trademark Registrations.

30. The Pearson and Wiley Trademarks are valid and enforceable.

31. Defendants have infringed the Pearson and Wiley Trademarks in violation of 15 U.S.C. § 1114(a) by using them, upon information and belief, on and/or in connection with the works that they have sold.

32. Defendants' acts complained of herein have irreparably damaged plaintiffs and may continue to do so. The damage to plaintiffs includes harm to their good-will and reputation in the marketplace for which money cannot compensate. Plaintiffs have no adequate remedy at law for these wrongs. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Pearson and Wiley Trademarks or any colorable imitation of them.

33. Defendants have willfully infringed the Pearson and Wiley Trademarks.

34. Plaintiffs are entitled to recover (1) defendants'

profits from the infringing works, (2) plaintiffs' damages, (3) the costs of the suit, and (4) reasonable attorneys' fees.

### THIRD CLAIM FOR RELIEF
(Trademark Counterfeiting - 15 U.S.C. § 1117)

35. Plaintiffs repeat the averments contained in paragraphs 1 through 34 above as if set forth in full.

36. In connection with the sale of their unlawfully reproduced instructors' solutions manuals, defendants have used, upon information and belief, counterfeits of the Pearson and Wiley Trademarks.

37. Based upon defendants' use of the counterfeit marks in connection with the sale of the unlawfully reproduced works, plaintiffs are entitled to treble damages, and/or statutory damages pursuant to 15 U.S.C. § 1117(b) and (c).

### FOURTH CLAIM FOR RELIEF
(Common Law Unfair Competition)

38. Plaintiffs repeat the averments contained in paragraphs 1 through 37 above as if set forth in full.

39. Defendants' acts complained of herein have damaged and may continue to damage plaintiffs irreparably. The damage to plaintiffs includes harm to their goodwill and reputation in the marketplace for which money cannot compensate. Plaintiffs have no adequate remedy at law for these wrongs and injuries. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their

agents, servants, employees, and attorneys and all persons acting in concert with them from using Pearson and Wiley Trademarks or any colorable imitation of them, to restitution of defendants' ill-gotten gains, and to punitive damages in an amount to be determined by the trier of fact in this action.

WHEREFORE, plaintiffs demand judgment:

A.   Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Pearson and Wiley Copyrights in violation of 17 U.S.C. § 501;

B.   Awarding plaintiffs their damages or defendants' profits, or alternatively, at plaintiffs' election, statutory damages, as a result of defendants' willfull infringement of the Pearson and Wiley Copyrights;

C.   Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Pearson and Wiley Trademarks in violation of 15 U.S.C. § 1114(a);

D.   Awarding plaintiffs their damages and/or defendants' profits from their willful infringement and/or counterfeiting of the Pearson and Wiley Trademarks pursuant to 15 U.S.C. § 1117(a);

E.   Awarding plaintiffs treble damages, treble profits and/or statutory damages pursuant to 15 U.S.C. § 1117(b) and (c);

F. Directing that defendants engage in such additional activities, including, but not limited to, recalls of products and corrective advertising, as may be necessary and appropriate to mitigate the damage defendants have caused;

G. Awarding plaintiffs their costs in this action, including their reasonable attorneys' fees pursuant 17 U.S.C. § 505 and 15 U.S.C. § 1117;

H. Awarding plaintiffs punitive damages in an amount to be determined by the trier of fact in this action; and

I. Granting such other and further relief as to this Court seems just and proper.

Dated: New York, New York
       July 30, 2008

>                        DUNNEGAN LLC
>
>                        By /s/ William Dunnegan
>                        William Dunnegan (WD9316)
>                        Attorney for Plaintiffs
>                        Pearson Education, Inc. and
>                        John Wiley & Sons, Inc.
>                        350 Fifth Avenue
>                        New York, New York 10118
>                        (212) 332-8300

Schedule A
"Pearson Copyrights"

<u>Title</u>      (<u>Date of Registration</u>)    (<u>Registration #</u>)

1. Discrete and Combinatorial Mathematics (September 5, 2003) (TX0005814577)

2. Structured Computer Organization (October 6, 2005) (TX0006256739)

3. Introduction to Signal Processing (January 4, 1996) (TX0004170771)

4. Elements of Chemical Reaction Engineering (December 29, 2005) (TX0006272349)

5. Linear Algebra and It's Applications (September 28, 2005) (TX0006226146)

6. Physics: Principles with Applications (April 16, 2004) (TX0005961576)

Schedule B
"Wiley Copyrights"

<u>Title</u> (<u>Date of Registration</u>) (<u>Registration #</u>)

1. Applied Statistics and Probability for Engineers, (November 12, 2002) (TX0005612548)

2. Transport Phenomena, (October 11, 2001) (TX0005459935)

3. Fundamentals Of Physics, (September 16, 1993) (TX0003611651)

4. Fundamentals of Fluid Mechanics, (October 14, 2003) (TX0005811029)

5. Introduction to Fluid Mechanics, (August 12, 2003) (TX0005783343)

6. Engineering Mechanics: Statics, (November 8, 2001) (TX0005461761)

7. Advanced Engineering Mathematics, (December 19, 2005) (TX0006287796)

8. Introduction to VLSI Circuits and Systems, (September 4, 2001) (TX0005411634)

9. Engineering Mechanics: Dynamics, (February 28, 2002) (TX0005539471)

10. Analog Integrated Circuit Design, (February 14, 1997) (TX0004491581)

11. Introduction to Solid State Physics, (January 18, 2005) (TX0006091857)

12. Control Systems Engineering, (October 3, 2003) (TX0005800945)

13. Fundamentals of Machine Component Design, (March 27, 2003) (TX0005752683)

14. Antenna Theory: Analysis and Design, (January 7, 1997) (TX0004445400)

15. Elementary Principles of Chemical Processes, (February 17, 2005) (TX0006116656)

16. Signals and Systems, (September 19, 2002) (TX0005653714)

17. Automatic Control Systems, (November 20, 2002) (TX0005622535)

18. Device Electronics for Integrated Circuits, (January 16, 2003) (TX0005654600)

19. Chemical and Engineering Thermodynamics, (September 11, 1998) (TX0004852935)

Schedule C
"Pearson Trademarks"

| U.S. Trademark | Registration Number | Class |
|---|---|---|
| 1. "Pearson" | 2,599,724 | 009, 016, 035, 042 |
| 2. "Pearson" | 2,600,081 | 041 |
| 3. "Pearson" | 2,652,792 | 009, 016 |
| 4. "Pearson" | 2,679,355 | 016 |
| 5. "Pearson" | 2,691,830 | 041 |
| 6. "Pearson" | 2,694,359 | 009 |
| 7. "Prentice-Hall" | 1,332,044 | 016 |
| 8. "Prentice-Hall" | 1,332,639 | 042 |
| 9. "Prentice-Hall" | 1,375,654 | 009 |
| 10. "Addison Wesley" | 2,188,798 | 016 |
| 11. "Addison-Wesley" | 2,400,130 | 016 |
| 12. "Benjamin Cummings" | 2,674,589 | 016 |
| 13. "Benjamin Cummings" | 2,671,773 | 041 |
| 14. "Benjamin Cummings" | 2,671,772 | 041 |
| 15. "Benjamin Cummings" | 2,621,299 | 016 |
| 16. "Benjamin Cummings" | 1,189,279 | 016 |

Schedule D
"Wiley Trademarks"

|    | U.S. Trademark  | Registration Number | Class              |
|----|-----------------|---------------------|--------------------|
| 1. | "JW" Colophon   | 2,168,941           | 009, 042           |
| 2. | "Wiley"         | 1,003,988           | 009, 016, 036, 038 |
| 3. | "Wiley"         | 2,159,987           | 009, 042           |